MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ENRIQUE LOPEZ AMASTAL and JOSE
LUIS GUZMAN RAMIREZ, *individually and*                        **COMPLAINT**
*on behalf of others similarly situated,*

                          *Plaintiffs*,                    **COLLECTIVE ACTION UNDER**
                                                           **29 U.S.C. § 216(b) AND RULE 23**
         -against-                                         **CLASS ACTION**
                                                           **ECF Case**
NIKOLAIS GALANOPOULOS,

                          *Defendant.*
--------------------------------------------------------X

Plaintiffs Enrique Lopez Amastal and Jose Luis Guzman Ramirez , individually and on

behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys,

Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Nikolais

Galanopoulos, ("Individual Defendant"), allege as follows:

**NATURE OF ACTION**

1.      Plaintiffs are former employees of Defendant Nikolais Galanopoulos.

2.       Defendant owned, operated, or controlled a diner/pizzeria, located at 70 West 71st

Street, New York, New York 10023 under the name "Big Nick's Pizza Joint."

3.      Upon information and belief, individual Defendant Nikolais Galanopoulos, serves or

served as owner, manager, principal, or agent and operated the restaurant as a joint or unified

enterprise.

4.      Plaintiffs were employees of Defendant.

5.    Plaintiffs were employed as a griller and a food preparer at the restaurant located at 70 West 71st Street, New York, New York 10023.

6.    At all times relevant to this Complaint, Plaintiffs worked for Defendant in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

7.    Rather, Defendant failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendant failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

9.    Furthermore, Defendant repeatedly failed to pay Plaintiffs wages on a timely basis.

10.    Defendant's conduct extended beyond Plaintiffs to all other similarly situated employees.

11.    At all times relevant to this Complaint, Defendant maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.     Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendant pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

15.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendant maintained his corporate headquarters and offices within this district, and Defendant operated a diner/pizzeria located in this district.  Further, Plaintiffs were employed by Defendant in this district.

## PARTIES

*Plaintiffs*

16.     Plaintiff Enrique Lopez Amastal ("Plaintiff Lopez" or "Mr. Lopez") is an adult individual residing in Queens County, New York. Plaintiff Lopez was employed by Defendant at Big Nick's & Pizza Joint Too from approximately September 2016 until on or about December 9, 2017.

17.     Plaintiff Jose Luis Guzman Ramirez ("Plaintiff Guzman" or "Mr. Guzman") is an adult individual residing in Queens County, New York. Plaintiff Guzman was employed by

Defendant at Big Nicks & Pizza Joint Too from approximately July 1, 2017 until on or about July 15, 2017.

*Defendant*

18.     At all relevant times, Defendant owned, operated, or controlled a diner/pizzeria, located at 70 West 71st Street, New York, New York 10023 under the name "Big Nick's Pizza Joint."

19.     Defendant Nikolais Galanopoulos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nikolais Galanopoulos is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Nikolais Galanopoulos possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendant, including Plaintiffs, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendant Constitute Employer*

20.     Defendant operated a diner/pizzeria located in the Upper West Side of Manhattan in New York City.

21.     Individual Defendant Nikolais Galanopoulos, possessed operational control over the diner, possessed ownership interests in the diner and controlled significant functions of the diner.

22.     Defendant Nikolais Galanopoulos frequently set the entry and exit times for Plaintiffs.

23.     Defendant Nikolais Galanopoulos assigned work tasks to the Plaintiffs throughout their shifts.

24.     Defendant Nikolais Galanopoulos had the power to hire and fire Plaintiffs.

25.     Defendant Nikolais Galanopoulos disciplined the Plaintiffs and reprimanded them during their shifts.

26.     Defendant Nikolais Galanopoulos determined the pay rates of the Defendants.

27.     Defendant Nikolais Galanopoulos demanded that Plaintiffs and other employees sign documents on behalf of the business.

28.     Defendant Nikolais Galanopoulos earned and collected profits from the operation of the restaurant.

29.     Defendant Nikolais Galanopoulos himself issued payment to the Plaintiffs.

30.     Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

31.     Defendant jointly employed Plaintiffs (and all similarly situated employees) and was Plaintiffs' (and all similarly situated employees') employer within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32.     In the alternative, Defendant constituted a single employer of Plaintiffs and/or similarly situated individuals.

33.     At all relevant times, Defendant was Plaintiffs' employer within the meaning of the FLSA and New York Labor Law. Defendant had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

34.     In each year from 2016 to 2017, Defendant's business, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendant and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

36.    Plaintiffs are former employees of Defendant who were employed as a griller and a food preparer.

37.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Enrique Lopez Amastal*

38.    Plaintiff Lopez was employed by Defendant from approximately September 2016 until on or about December 9, 2017.

39.    Defendant employed Plaintiff Lopez as a griller.

40.    Plaintiff Lopez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.    Plaintiff Lopez's work duties required neither discretion nor independent judgment.

42.    Throughout his employment with Defendant, Plaintiff Lopez regularly worked in excess of 40 hours per week.

43.    From approximately September 2016 until on or about December 9, 2017, Plaintiff Lopez worked as a griller from approximately 10:00 a.m. until on or about 8:00 p.m., Mondays and from approximately 7:00 p.m. until on or about 5:00 a.m., Tuesdays through Saturdays (typically 60 to 61.25 hours per week).

44.    Throughout his employment, Defendant paid Plaintiff Lopez his wages in cash.

45.    From approximately September 2016 until on or about March 2017, Defendant paid Plaintiff Lopez a fixed salary of $800 per week.

46.    From approximately April 2017 until on or about December 1, 2017, Defendant paid Plaintiff Lopez a fixed salary of $850 per week.

47.    From approximately December 2, 2017 until on or about December 9, 2017, Defendant did not pay Plaintiff Lopez his wages for his work.

48.    For approximately seven days, Defendant did not pay Plaintiff Lopez any wages for his work.

49.    Plaintiff Lopez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

50.    For example, Defendant required Plaintiff Lopez to work an additional 15 minutes past his scheduled departure time four or five days a week, and did not pay him for the additional time he worked.

51.    Plaintiff Lopez was not required to keep track of his time, nor to his knowledge, did the Defendant utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

52.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Lopez regarding overtime and wages under the FLSA and NYLL.

53.    Defendant did not provide Plaintiff Lopez an accurate statement of wages, as required by NYLL 195(3).

54.    Defendant did not give any notice to Plaintiff Lopez, in English and in Spanish (Plaintiff Lopez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.    Defendant required Plaintiff Lopez to purchase "tools of the trade" with his own funds—including three pairs of kitchen shoes, shirts, pants and aprons.

*Plaintiff Jose Luis Guzman Ramirez*

56.    Plaintiff Guzman was employed by Defendant from approximately July 1, 2017 until on or about July 15, 2017.

57.    Defendant employed Plaintiff Guzman as a food preparer.

58.    Plaintiff Guzman regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

59.    Plaintiff Guzman's work duties required neither discretion nor independent judgment.

60.    From approximately July 1, 2017 until on or about July 15, 2017, Plaintiff Guzman worked as a food preparer from approximately 1:00 p.m. until on or about 5:00 p.m., Mondays through Fridays and from approximately 2:30 p.m. until on or about 5:00 p.m., Saturdays (typically 22.5 hours per week).

61.    Throughout his employment, Defendant did not pay Plaintiff Guzman any wages for his work.

62.    Defendant never granted Plaintiff Guzman any breaks or meal periods of any kind.

63.    Plaintiff Guzman was not required to keep track of his time, nor to his knowledge, did the Defendant utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

64.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Guzman regarding overtime and wages under the FLSA and NYLL.

65.    Defendant did not provide Plaintiff Guzman an accurate statement of wages, as required by NYLL 195(3).

66.    Defendant did not give any notice to Plaintiff Guzman, in English and in Spanish (Plaintiff Guzman's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendant's General Employment Practices*

67.    At all times relevant to this Complaint, Defendant maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

68.    Plaintiffs were victims of Defendant's common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked...

69.    Defendant's pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

70.    Defendant habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

71.    Defendant willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

72.    Plaintiff Lopez was paid his wages in cash. Plaintiff Guzman was not paid at all.

73.     Defendant failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

74.     Upon information and belief, these practices by Defendant was done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

75.     Defendant engaged in his unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

76.     Defendant's unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

77.     Defendant failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

78.     Defendant failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name

of the employer; any "doing business as" names used by the employer; the physical address of the

employer's main office or principal place of business, and a mailing address if different; and the

telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

79.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated

damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf

of all similarly situated persons (the "FLSA and Rule 23 Class members"), i.e., persons who are or

were employed by Defendant or any of them, on or after the date that is three years before the filing

of the complaint in this case (the "FLSA and Rule 23 Class Period").

80.     At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class

were similarly situated in that they had substantially similar job requirements and pay provisions,

and were subject to Defendant's  common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required minimum wage, overtime pay

at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under

the FLSA, and willfully failing to keep records required by the FLSA.

81.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

82.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated

under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

83.     Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-

hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were

employed by Defendant in the State of New York, on or after the date that is six years before the

filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

84.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendant, there are approximately over sixty members of the Class during the Class Period.

85.     There are questions of law and fact common to the Class including:

a)  What proof of hours worked is sufficient where Defendant fail in their duty to maintain time records;

b)  What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of wages for all hours worked;

c)  What were the policies, practices, programs, procedures, protocols and plans of Defendant regarding payment of at least minimum wages for all hours worked;

d)  Whether Defendant failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e)  Whether Defendant failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

f)  Whether Defendant improperly deducted "shorts" from the Plaintiffs' wages;

g)  At what common rate, or rates subject to common methods of calculation, were and are Defendant required to pay the class members for their work; and

h)  What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

86.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

87.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

88.    The common questions of law and fact predominate over questions affecting only individual members.

89.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate Defendant vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

90.    Defendant acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

91.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

92.     At all times relevant to this action, Defendant was Plaintiffs' (and the FLSA and Rule 23 Class members') employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendant had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

93.     At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

94.     Defendant constituted an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

95.     In violation of 29 U.S.C. § 206(a), Defendant failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate.

96.     Defendant's failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

97.     Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

98.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

99.     Defendant, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

100.     Defendant's failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

101.     Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

102.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.     At all times relevant to this action, Defendant was Plaintiffs' (and the FLSA and Rule 23 class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendant had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

104.     Defendant, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 class members)less than the minimum wage.

105.     Defendant's  failure to pay Plaintiffs (and the FLSA and Rule 23 class members') the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

106.     Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

107.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108.     Defendant, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs(and the FLSA and Rule 23 class

members') overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

109.    Defendant's failure to pay Plaintiffs (and the FLSA and Rule 23 class members') overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

110.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

111.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

112.    Defendant failed to pay Plaintiffs(and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

113.    Defendant's  failure to pay Plaintiffs(and the FLSA and Rule 23 class members') an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

114.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

115.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

116.     Defendant failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

117.     Defendant is liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

118.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.     With each payment of wages, Defendant failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

120.     Defendant is liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

**RECOVERY OF EQUIPMENT COSTS**

121.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

122.     Defendant required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

123.     Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

124.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

125.     Defendant did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

126.     Defendant is liable to each Plaintiff in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendant violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c)      Declaring that Defendant violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(d)      Declaring that Defendant violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendant's  violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(f)      Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendant violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendant violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)      Declaring that Defendant violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs(FLSA and Rule 23 Class members);

(k)    Declaring that Defendant violated the timely payment provisions of the NYLL as to Plaintiffs and members of the FLSA and Rule 23 Class;

(l)    Declaring that Defendant violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and members of the FLSA and Rule 23 Class compensation, hours, wages and any deductions or credits taken against wages;

(m)    Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)    Awarding Plaintiffs and members of the FLSA and Rule 23 Class damages for Defendant's  violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiffs and members of the FLSA and Rule 23 Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs and the FLSA and Rule 23 Class Members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

(s)       All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
February 8, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

February 2, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jose Luis Guzman Ramirez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     02 de febrero de 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                          Telephone: (212) 317-1200
New York, New York 10165                                          Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

January 26, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Enrique Lopez Amastal

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          26 de enero de 2018

*Certified as a minority-owned business in the State of New York*