# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

October 10th, 2018

**VIA ECF**  
Honorable William H. Pauley  
United States District Judge  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl St.  
New York, NY 10007-1312



      **Re:**    Amastal and Ramirez, et al v. Nikolais Galanopoulos, et al.,  
              18-cv-1133 (WHP)

Your Honor:

      This office represents Plaintiff Luis Guzman Ramirez in the above-referenced matter (Plaintiff Amastal dismissed his claims without prejudice and has continued to pursue his claims in arbitration). We write jointly with Counsel for Defendants to respectfully request that the Court approve the parties' settlement of the above-referenced matter.

      The parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discovery and settlement discussions. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, which was reached after extensive settlement discussions by the parties, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (U.S. 2016).

      While the settlement amount is less than the Plaintiff's best-case scenario after trial, the amount of the settlement is fair and the result of arm's length bargaining as required by Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332 (S.D.N.Y. 2012) and Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that the Court enter an Order approving the settlement as fair and reasonable.

**Background**

      Plaintiff was a food preparer with the Defendant for about two weeks in July of 2017 where he worked for 22.5 hours in a week where he alleges he was not compensated at all.

      Defendants contest the hours worked by the Plaintiff, the amount received by the Plaintiff and Defendants' status as an employer.

Hon. William H. Pauley
October 10th, 2018
Page 2 of 5

**Best Case Scenario**

Plaintiff worked for a very short period of time with the Defendant and in his best case scenario would be entitled to a little over $495 in back wages alone prior to the application of liquidated damages.

**Settlement**

In light of the risks and burden of trial, the parties have agreed to settle Plaintiff's claims for $2,250.00 inclusive of attorney's fees/costs payable as per the attached Settlement Agreement. **See** **Exhibit A** *Settlement Agreement*.

One Thousand Two Hundred Thirty-Three Dollars and Ninety Five Cents ($1,233.95) of the settlement amount will be paid to the Plaintiff himself. Taking costs of $400.00 from the settlement fund yields a net fund of $1,850.00 from which Plaintiff's counsel seek 33.3% - $616.05 in addition to the re-couped $400 in costs.

Plaintiff's counsel costs are the $400.00 filing fee. Plaintiff's counsel also expended costs on service of process in this matter that are left aside.

**Fairness Standard:**

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc.*,* 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Id. (*quoting* Le v. SITA Info. Networking Computing USA, Inc.*,* 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc.*,* No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to Plaintiff. Plaintiff has been represented by experienced counsel throughout this lawsuit and has made an informed decision to settle the action at this stage of litigation without incurring the costs or risk of trial. *See Meigel v. Flowers of the World NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve settlement.").

Hon. William H. Pauley
October 10th, 2018
Page 3 of 5

The $1,233.95 that he will be receiving amounts to 100% of Plaintiff's back wages and liquidated damages.

**Plaintiff's Attorneys' Fees Are Fair and Reasonable**

Under the settlement, Plaintiffs' counsel will receive $1,016.09 from the settlement fund as attorneys' fees and costs, subject to review and approval of the court.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' counsels' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiffs' counsels' significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. (Insert other cases that have approved this rate)

- Colin Mulholland is an associate with Michael Faillace & Associates since May of 2017. He has been practicing law since February of 2013. At his first firm, Heriberto A. Cabrera & Associates, Mr. Mulholland was the lead civil litigator on dozens of civil lawsuits which included over a dozen FLSA/NYLL claims where he performed as lead counsel for three and a half years. He was an associate with Michael Lamonsoff & Associates for one year where he managed a case load of over 100 personal injury lawsuits. Since joining Faillace's firm, Mr. Mulholland has obtained the largest trial verdict in the history of the firm after a jury trial before Judge Richard Sullivan for over $2.2 million dollars. He bills at a rate of $375 per hour.

Hon. William H. Pauley
October 10th, 2018
Page 4 of 5

 

It is fair and reasonable for Plaintiff's attorneys to receive one-third of the total settlement along with their costs since Plaintiff obtained all of his unpaid wages and liquidated damages even after fees and costs.

**Conclusion**

In full consideration of the issues presented in *Cheeks* and *Wolinsky,* we believe that the parties' Agreement is fair and reasonable, and that the settlement should be approved. A copy of the parties' Agreement is submitted herewith.

Thank you for your consideration in this matter.

               Respectfully Submitted,

               /s/ Colin Mulholland, Esq.
               Michael Faillace, Esq.
               Michael Faillace & Associates, P.C.
               *Attorneys for Plaintiff*

cc:  Defendants' Counsel (via ECF)

Application granted. This Court approves the parties' settlement agreement as fair and reasonable. The Clerk of Court is directed to mark this case as closed.

Dated: October 26, 2018       SO ORDERED:
    New York, New York

                 _____
                 WILLIAM H. PAULEY III
                 U.S.D.J.